ROBERT SIBILIA S.B.N. 126979
Oceanside Law Center
28202 Cabot Road, Ste. 200
Laguna Niguel, CA 92677
Tel: (760) 666-1151
Fax: (818) 698-0300
Email: robert@oceansidelawcenter.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| AMANI JADE WILLIAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EDUCATIONAL TESTING SERVICE,<br><br>Defendant. | Case No. 2:26-cv-12855<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Negligence;<br>2. Invasion of Privacy (Cal. Const. art. I, § 1);<br>3. Violation of the California Customer Records Act (Cal. Civ. Code §§ 1798.81.5, 1798.84); and<br>4. Declaratory and Injunctive Relief (28 U.S.C. §§ 2201–2202)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Amani Jade Williams (“Plaintiff”), individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant Educational Testing Service (“ETS” or “Defendant”). This Court has subject-matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiff alleges as follows upon personal knowledge as to Plaintiff’s own experiences, and upon information and belief, including the investigation of counsel, as to all other matters:

## PRELIMINARY STATEMENT

1. With this action, Plaintiff seeks to hold Defendant Educational Testing Service responsible for the harms it caused Plaintiff and millions of current and former California public-school students in a preventable cybersecurity incident involving an inadequately protected ETS file-transfer server.

2. ETS is the State of California's contractor for statewide student assessments. In that role, ETS collects and stores a trove of highly sensitive information about California schoolchildren: not just their names, dates of birth, and home addresses, but their disability and Section 504 status, primary disability type, race and ethnicity, country of origin, English-learner status, eligibility for homeless, migrant, and other assistance programs, and their test results.

3. For nearly four months, from May 22, 2026 through September 18, 2026, an unauthorized party used a single compromised login credential to repeatedly access an ETS secure file transfer protocol ("SFTP") site and copy files containing that information. ETS did not detect the intrusion until September 25, 2026, more than four months after it began and a week after the last known access.

4. Defendant's conduct, including failing to implement adequate and reasonable measures to ensure its systems were protected, failing to take adequate steps to prevent and stop the breach, and failing to timely detect the breach, caused substantial harm and injuries to Plaintiff and the Class.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). In the aggregate, the claims of Plaintiff and the other members of the Class exceed $5,000,000, exclusive of interest and costs; the Class has more than 100 members; and at least one member of the Class, including Plaintiff, a citizen of California, is a citizen of a state different from Defendant, a citizen of New

York and New Jersey. None of the exceptions in 28 U.S.C. § 1332(d)(3)–(4) applies because Defendant is not a citizen of California.

6. This Court has personal jurisdiction over Defendant because Defendant purposefully directed its activities at California and this District. Defendant contracted with the State of California to administer California's statewide assessments to students enrolled in California public schools, including schools in this District; collected, maintained, and transferred the Personal Information of those students in connection with that contract; and caused harm to Plaintiff and Class members in California. Plaintiff's claims arise out of and relate to those contacts.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District: Plaintiff resides in this District, Plaintiff's Personal Information was collected and provided to Defendant in connection with Plaintiff's attendance at a public school in this District, and Plaintiff suffered injury in this District. Venue is also proper under 28 U.S.C. § 1391(b)(1), (c)(2), and (d) because Defendant's contacts with this District would be sufficient to subject it to personal jurisdiction if this District were a separate State.

8. Assignment to the Western Division is proper because Plaintiff resides in Los Angeles County.

## PARTIES

9. Plaintiff Amani Jade Williams is a natural person who at all relevant times has resided in Claremont, Los Angeles County, California, and is a citizen of California. Plaintiff is a former California public-school student whose personal information was maintained by Defendant in connection with California's statewide assessment programs.

10. Defendant Educational Testing Service ("ETS" or "Defendant") is a nonprofit corporation organized under the laws of the State of New York, with

its principal place of business at 660 Rosedale Road, Princeton, New Jersey 08541. ETS develops and administers standardized assessments and, under contract with the State of California, administers California's statewide assessment programs, including the California Assessment of Student Performance and Progress ("CAASPP") and the English Language Proficiency Assessments for California ("ELPAC").

## **FACTUAL STATEMENT**

### **ETS Collects and Stores Sensitive Information About California Students**

11. ETS is under contract with the State of California to provide state and federally required testing to all students enrolled in California public schools.

12. In connection with that work, ETS maintains student demographic, program-participation, and assessment data concerning California public-school students, and exchanges that data with the California Department of Education ("CDE") through an SFTP site that ETS operates.

13. According to ETS, the student information maintained on that SFTP site includes:

a. student name, date of birth, residential address, school, district, and grade level;

b. Statewide Student Identifier ("SSID") and local student identifier;

c. gender, race or ethnicity, primary language, country of origin, and English-learner status;

d. disability and Section 504 status, testing accommodations, and primary disability type;

e. eligibility status for Title I, Part A; Title I, Part C (migrant education); McKinney-Vento (homeless education); and Military Connected Student programs; and

f. English language proficiency information and statewide assessment registration, participation, and results.

14. This information (collectively, "Personal Information" or "PII") is among the most sensitive information that exists about a child. A student's disability status, Section 504 status, and primary disability type reflect the student's medical history and diagnoses. A student's homeless, migrant, and English-learner status and country of origin can expose students and their families to discrimination, harassment, and targeting. And a student's name, date of birth, home address, and unique state student identifier are the building blocks of identity fraud, particularly against minors, whose identities and credit files typically go unmonitored for years.

15. Plaintiff and Class members did not choose to give their Personal Information to ETS. It was provided to ETS by their schools and the State in connection with the statewide assessments administered to California public-school students. Plaintiff and Class members reasonably expected that ETS would keep that information secure.

16. ETS knew that the Personal Information it maintained was highly sensitive and that it was obligated, by law and by contract, to protect it. Indeed, following the breach, CDE and the State Board of Education announced that they are "reviewing the incident and ETS's compliance with applicable data security and contractual requirements."

## The Data Breach

17. On September 25, 2026, ETS identified unauthorized activity involving an SFTP site used to exchange California statewide assessment information with CDE.

18. ETS's investigation determined that an unauthorized party used a compromised login credential, at various times during the period from May 22,

2026 to September 18, 2026, to access the SFTP site and copy files containing California student information (the "Data Breach").

19. According to ETS, information about California students, "including but not limited to all students enrolled in the three previous school years," was accessed and copied. More than 5.7 million students were enrolled in California public schools in the 2025–2026 school year alone. State officials have further indicated that certain former students who left California public schools as far back as 2006 may also be affected. Upon information and belief, the Data Breach affected several million current and former California students.

20. The Data Breach was not a fleeting or accidental exposure. The unauthorized party returned to the SFTP site repeatedly over nearly four months and copied files containing student information. The Personal Information was intentionally targeted and taken.

21. Upon information and belief, the Data Breach was made possible by ETS's failure to implement basic, industry-standard safeguards on the SFTP site, including:

a. requiring multi-factor authentication, so that a single compromised password could not unlock millions of student records;
b. restricting access to known IP addresses, devices, or locations;
c. monitoring for, and alerting on, anomalous logins and large or repeated file downloads;
d. rotating credentials and disabling unused or compromised accounts;
e. removing files from the transfer site once transmission was complete, rather than leaving them available for months; and
f. encrypting files at rest and limiting each account's access to the minimum data necessary.

22. Had ETS employed reasonable monitoring and logging, it would have detected the unauthorized access long before September 25, 2026, and limited the amount of Personal Information taken.

23. Following the Data Breach, ETS took the SFTP site offline and built "an entirely new SFTP site with enhanced security controls." Upon information and belief, those controls were available to ETS, and should have been in place, before the Data Breach.

24. ETS has also stated that it "has taken steps to reduce the potential risk of the data being made publicly accessible." But ETS cannot control what the unauthorized party does with the copied files, and the risk that the Personal Information will be published, sold, or misused remains.

**Plaintiff's Experience**

25. Plaintiff received a Notice of Data Breach from ETS dated October 19, 2026 (the "Notice"). The Notice informed Plaintiff that Plaintiff's personal information "was accessed and copied during this data security incident."

26. Plaintiff attended St. Citrust Community College in Glendora, California and participated in California's statewide assessments during that time.

27. Upon information and belief, the Personal Information about Plaintiff that ETS maintained and that was accessed and copied in the Data Breach includes Plaintiff's name, date of birth, residential address, school, and SSID, demographic, program-eligibility, and assessment information applicable to Plaintiff.

28. As a result of the Data Breach, Plaintiff has suffered damages. Due to the Data Breach, Plaintiff has taken reasonable steps to minimize its potential impact, including confirm: reviewing account statements and credit reports for unusual activity, and has spent time doing so that Plaintiff would otherwise have spent on other activities.

29. Due to the Data Breach, Plaintiff has experienced anxiety over the unauthorized access to and copying of Plaintiff's personal information, which Plaintiff trusted would be safeguarded against unauthorized access and disclosure. This includes concerns about unauthorized individuals viewing, selling, and using Plaintiff's Personal Information for identity theft and fraud, and about the exposure of sensitive information concerning Plaintiff's background. Plaintiff remains worried about identity theft and fraud, as well as the potential consequences of such actions resulting from the Data Breach.

30. Because Defendant presented such a soft target to cybercriminals, Plaintiff has been subjected to a violation of Plaintiff's privacy and has been exposed to a heightened and imminent risk of fraud and identity theft. Plaintiff must now, and in the future, spend time to more closely monitor credit reports, financial accounts, phone lines, and online accounts to guard against identity theft.

31. The two years of identity-protection services ETS has offered are inadequate. The information taken, including dates of birth, disability history, and country of origin, does not change or expire. Misuse of a child's identity frequently goes undiscovered until the child first applies for credit, employment, housing, or student aid, often well after ETS's offered services will have lapsed. And credit monitoring does nothing to remedy the exposure of sensitive, non-financial information such as disability status.

32. Plaintiff seeks actual damages, statutory damages, nominal damages, and punitive damages, with attorneys' fees, costs, and expenses, under theories of negligence, invasion of privacy under the California Constitution, and violation of California's Customer Records Act. Plaintiff also seeks declaratory and injunctive relief, including significant improvements to Defendant's data-security systems, future annual audits, and long-term identity monitoring funded by Defendant, and other remedies as the Court sees fit.

## CLASS ACTION ALLEGATIONS

### The Class

33. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), Plaintiff seeks certification of the following class (the "Class"), initially defined as follows:

**All individuals whose personal information was accessed or copied in the data security incident involving Educational Testing Service's SFTP site that occurred between May 22, 2026 and September 18, 2026.**

34. Plaintiff also seeks certification of the following subclass (the "California Subclass"):

**All members of the Class who reside in California.**

35. Excluded from the Class and the California Subclass is Defendant herein, and any person, firm, trust, corporation or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant, as well as any judicial officer presiding over this matter and the members of that officer's immediate family and staff.

36. Plaintiff reserves the right to modify the Class and California Subclass definitions as discovery and further investigation warrant.

### Numerosity

37. Upon information and belief, Defendant's information security systems were breached due to flawed policies and practices, impacting the Personal Information of millions of current and former California students. The members of the Class, therefore, are so numerous that joinder of all members is impracticable.

38. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the members of the Class is a matter capable of ministerial

determination from Defendant's records, including the records Defendant used to send notice of the Data Breach.

**Common Questions of Law and Fact**

39. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant failed to adequately protect the Personal Information it held on its systems; (ii) whether Defendant failed to implement reasonable security measures, such as multi-factor authentication and monitoring for anomalous activity, on the SFTP site; (iii) whether Defendant failed to timely detect the Data Breach; (iv) whether Defendant owed Plaintiff and the Class a duty of care and breached it; (v) whether Plaintiff and the Class have been injured by Defendant's conduct; (vi) whether Plaintiff and the Class have sustained damages as a result of Defendant's wrongdoing and, if so, the proper measure of such damages; and (vii) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

**Typicality**

40. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff's Personal Information was maintained by Defendant and was accessed and copied in the same Data Breach, as a result of the same conduct, as that of every other Class member. Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

**Protecting the Interests of the Class Members**

41. Plaintiff will fairly and adequately represent the Class members' interests in that Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

**Proceeding Via Class Action is Superior and Advisable**

42. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

43. The members of the Class are, in large part, minors and young adults whose rights will not be vindicated in the absence of a class action.

44. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

45. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

46. Absent a class action, the members of the Class will continue to suffer harm from Defendant's failure to protect their Personal Information, and Defendant's inadequate data-security practices will go unremedied.

47. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**COUNT I**

**NEGLIGENCE**

**(On Behalf of Plaintiff and the Class)**

48. Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

49. Defendant gathered, stored, and maintained the Personal Information of Plaintiff and the Class.

50. Defendant knew, or should have known, of the risks inherent in collecting and storing the Personal Information of Plaintiff and the Class and the importance of adequate security.

51. Defendant was well aware that hackers routinely attempt to access Personal Information without authorization, including through stolen or compromised login credentials. Defendant also knew about numerous, well-publicized data breaches in which hackers stole Personal Information from companies that held or stored such information, including breaches targeting student data held by education-technology vendors.

52. Defendant owed duties of care to Plaintiff and the Class, whose Personal Information was entrusted to it. Defendant's duties included the following:

a. to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the Personal Information in its possession;

b. to protect the Personal Information in its possession using reasonable and adequate security procedures and systems;

c. to require multi-factor authentication and other reasonable access controls on systems, such as the SFTP site, through which Personal Information was stored and transferred;

d. to adequately and properly train its employees and agents regarding how to securely transmit and store Personal Information and protect their login credentials;

e. to retain Personal Information on the SFTP site no longer than necessary for the purpose for which it was transferred;

f. to implement processes to quickly detect a data breach, security incident, or intrusion; and

g. to promptly notify Plaintiff and Class members of any data breach, security incident, or intrusion that affected or may have affected their Personal Information.

53. Because Defendant knew that a security incident, breach, or intrusion upon its systems would potentially damage millions of students whose information Defendant held, including Plaintiff, it had a duty to adequately protect their Personal Information.

54. Defendant had a special relationship with Plaintiff and the Class. Defendant was entrusted with sensitive information about children and young adults, who had no ability to protect that information themselves, to choose a different testing contractor, or to negotiate the terms on which Defendant held their information.

55. Defendant owed a duty of care not to subject Plaintiff and the Class to an unreasonable risk of harm because they were foreseeable and probable victims of any inadequate security practices.

56. Defendant knew, or should have known, that its security practices and computer systems did not adequately safeguard the Personal Information of Plaintiff and the Class.

57. Defendant breached its duties of care by failing to provide fair, reasonable, or adequate computer systems and security practices to safeguard the Personal Information of Plaintiff and the Class, including by failing to implement the safeguards described above.

58. Defendant breached its duties of care by failing to detect the Data Breach for more than four months, during which the unauthorized party repeatedly accessed the SFTP site and copied Personal Information.

59. Defendant acted with reckless disregard for the security of the Personal Information of Plaintiff and the Class because Defendant knew or should have known that its computer systems and data-security practices were

not adequate to safeguard the Personal Information that it collected and stored, which hackers were attempting to access.

60. Defendant's duties also arose from statute. Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45, prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the Federal Trade Commission, the failure to use reasonable measures to protect personal information. Cal. Civ. Code § 1798.81.5(b) requires businesses that own, license, or maintain personal information about California residents to implement and maintain reasonable security procedures and practices. And, upon information and belief, the Student Online Personal Information Protection Act, Cal. Bus. & Prof. Code § 22584(d)(1), imposes the same requirement on Defendant because Defendant operates online assessment services, applications, and systems that are designed, marketed, and used primarily for K–12 school purposes.

61. Defendant violated these statutes by failing to use reasonable measures to protect the Personal Information of Plaintiff and the Class, as described herein. Plaintiff and the Class are within the class of persons these statutes were designed to protect, and the Data Breach is the type of harm they were designed to prevent. Defendant's violations therefore give rise to a presumption that Defendant failed to exercise due care. Cal. Evid. Code § 669.

62. As a direct and proximate result of Defendant's negligent conduct, Plaintiff and the Class have suffered damages and remain at imminent risk of further harm.

63. The injury and harm that Plaintiff and the Class have suffered (as alleged above) was reasonably foreseeable.

64. The injury and harm that Plaintiff and the Class have suffered (as alleged above) was the direct and proximate result of Defendant's negligent conduct.

65. Plaintiff and the Class have suffered injury and are entitled to damages in an amount to be proven at trial.

## COUNT II

## INVASION OF PRIVACY – CALIFORNIA CONSTITUTION, ART. I, § 1

## (On Behalf of Plaintiff and the California Subclass)

66. Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

67. Article I, Section 1 of the California Constitution provides that all people have the inalienable right of "pursuing and obtaining safety, happiness, and privacy." This right protects individuals against the improper use and dissemination of sensitive personal information by private entities as well as the government.

68. Plaintiff and California Subclass members have a legally protected privacy interest in their Personal Information, including information concerning their medical history and disabilities, family circumstances, national origin, and educational records.

69. Plaintiff and California Subclass members had a reasonable expectation of privacy in that information. They provided it, or it was provided on their behalf, solely for the purpose of statewide student assessment, with the expectation that it would be kept confidential and secure.

70. Defendant's conduct in maintaining that information on an inadequately secured SFTP site, failing to implement basic access controls, and failing to detect a months-long intrusion resulted in a serious invasion of the privacy of Plaintiff and California Subclass members, constituting an egregious breach of the social norms underlying the right to privacy.

71. As a direct and proximate result of Defendant's conduct, Plaintiff and California Subclass members have suffered injury and are entitled to damages, injunctive relief, and all other relief available by law.

**COUNT III**

**VIOLATION OF THE CALIFORNIA CUSTOMER RECORDS ACT, CAL. CIV. CODE §§ 1798.81.5 AND 1798.84**

**(On Behalf of Plaintiff and the California Subclass)**

72. Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

73. Defendant is a "business" within the meaning of Cal. Civ. Code § 1798.80(a), which includes corporations "whether or not organized to operate at a profit."

74. Cal. Civ. Code § 1798.81.5(b) requires a business that owns, licenses, or maintains personal information about a California resident to "implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

75. Defendant owns, licenses, or maintains personal information about Plaintiff and California Subclass members within the meaning of Cal. Civ. Code § 1798.81.5(d)(1)(A), including their names in combination with medical information, as defined in § 1798.81.5(d)(2), concerning their disabilities, primary disability type, and Section 504 status.

76. Plaintiff and California Subclass members are "customers" within the meaning of Cal. Civ. Code § 1798.80(c) because their personal information was provided to Defendant for the purpose of obtaining Defendant's assessment services.

77. Defendant violated Cal. Civ. Code § 1798.81.5(b) by failing to implement and maintain reasonable security procedures and practices appropriate

to the nature of the information, as described herein, resulting in the unauthorized access to and copying of the personal information of Plaintiff and California Subclass members.

78. As a direct and proximate result of Defendant's violation, Plaintiff and California Subclass members have been injured and are entitled to recover damages pursuant to Cal. Civ. Code § 1798.84(b).

79. Plaintiff and California Subclass members are also entitled to injunctive relief pursuant to Cal. Civ. Code § 1798.84(e).

**COUNT IV**

**DECLARATORY AND INJUNCTIVE RELIEF, 28 U.S.C. §§ 2201–2202**

**(On Behalf of Plaintiff and the Class)**

80. Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

81. An actual controversy has arisen and now exists between Plaintiff and the Class, on the one hand, and Defendant, on the other, concerning whether Defendant is currently maintaining data-security measures adequate to protect the Personal Information it continues to hold.

82. Plaintiff and the Class remain at imminent risk that further breaches of Defendant's systems will occur in the future.

83. Plaintiff and the Class therefore seek a declaration that Defendant's existing data-security measures do not comply with its duties of care, and an order requiring Defendant to implement and maintain reasonable security measures, including, but not limited to: (i) requiring multi-factor authentication on all systems that store or transfer student data; (ii) engaging independent third-party security auditors to conduct annual audits and penetration testing; (iii) purging student data that is no longer necessary for its stated purpose; (iv) implementing logging and monitoring capable of detecting unauthorized access promptly; and (v) providing identity-monitoring and restoration services to Class members for

a period reasonably commensurate with the risk, including through the age of majority plus a reasonable period thereafter for Class members who are minors.

WHEREFORE, Plaintiff Amani Jade Williams, individually and on behalf of the Class and the California Subclass, respectfully requests that this Court do the following:

A. Certify this action as a class action pursuant to Fed. R. Civ. P. 23, appoint Plaintiff as class representative, and appoint Plaintiff's counsel as class counsel;

B. Enter judgment against Defendant for:

1. Actual and compensatory damages;
2. Statutory damages, where available;
3. Nominal damages;
4. Punitive damages, where available;
5. Pre-judgment and post-judgment interest;
6. Litigation costs; and
7. Reasonable attorneys' fees, as permitted by law.

C. Grant declaratory relief as set forth in Count IV;

D. Grant injunctive relief against Defendant to ensure that Defendant adequately protects the Personal Information that it maintains, and to prevent identity theft and fraud arising from the Personal Information that was accessed and copied, including the measures described in Count IV; and

E. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues so triable.

Dated: November 3, 2026

Respectfully submitted,
/s/ Robert Sibilia
ROBERT SIBILIA S.B.N. 126979
Oceanside Law Center
28202 Cabot Road, Ste. 200
Laguna Niguel, CA 92677
Tel: (760) 666-1151
Fax: (818) 698-0300
Email: robert@oceansidelawcenter.com
Attorney for Plaintiff